| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | | 0644 3:17CR00103 |
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* |
| | | 1:21-tp-20008-Moore |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| | Western District of Kentucky | Louisville |
| | NAME OF SENTENCING JUDGE | |
| David Perez | Rebecca Grady Jennings, U.S. District Judge | |
| Miami, FL | DATES OF SUPERVISED RELEASE | FROM 7/20/2020 | TO 7/19/2022 |

| OFFENSE |
|---|
| Theft from a Health Care Benefit Program; Health Care Fraud; Theft from a Health Care Benefit Program; Health Care Fraud; Aggravated Identity Theft |

FILED BY ___JAO___ D.C.

Jan 27, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE WESTERN  DISTRICT OF KENTUCKY

   IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ___Southern District of Florida___ upon that Court's order of acceptance of jurisdiction.  This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

January 12, 2021

Rebecca Grady Jennings, District Judge
United States District Court

_____            _____
*Date*                             *United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ___SOUTHERN___ DISTRICT OF ___FLORIDA___

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

1/14/2021                          _____
_____            *United States District Judge*
*Effective Date*

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1

# United States District Court

## Western District of Kentucky
### LOUISVILLE DIVISION

# 3958753
7/20/20

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | (For Offenses Committed On or After November 1, 1987) |
| **David  Perez** | **Case Number: 3:17-CR-103-1-RGJ** |
| | **US Marshal No: 16472-104** |
| | Counsel for Defendant: F. Anthony Rubino, Retained |
| | Counsel for the United States: David R. Weiser |
| | Court Reporter: April Dowell |

## THE DEFENDANT:

☒ **Pursuant to a Rule 11(c)(1)(B) plea agreement**

☒ **Pleaded guilty to count(s) 13-30 and 31 on August 16, 2018, knowingly, willingly and voluntarily.**

☐ Pleaded nolo contendere to count(s)
which was accepted by the court.

☐ Was found guilty on count(s)
after a plea of not guilty

**ACCORDINGLY,** the Court has adjudicated that the defendant is guilty of the following offense(s):

| | Date Offense | |
|---|---|---|
| **Title / Section and Nature of Offense** | **Concluded** | **Count** |

## FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2

The defendant is sentenced as provided in pages _2_ through _8_ of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ **Count(s)  1-12, 32-33 (are) dismissed on the motion of the United States.**

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

 11/14/2018
Date of Imposition of Judgment

Rebecca Grady Jennings, District Judge

United States District Court

November 19, 2018

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1A

Judgment-Page _2_ of _8_

DEFENDANT: **Perez , David**
CASE NUMBER: **3:17-CR-103-1-RGJ**

## COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18:2 and 669 - PRINCIPALS | 12/11/2013 | 13-15 |
| 18:2 and 1347 - PRINCIPALS | 12/11/2013 | 16-18 |
| 18:2 and 669 - PRINCIPALS | 4/29/2014 | 19-24 |
| 18:2 and 1347 - PRINCIPALS | 4/29/2014 | 25-30 |
| 18:2 and 1028A - PRINCIPALS | 4/1/2014 | 31 |

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 2 - Imprisonment

Judgment-Page _3_ of _8_

DEFENDANT: **Perez , David**
CASE NUMBER: **3:17-CR-103-1-RGJ**

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **3 MONTHS as to Counts 13-30 of the Indictment, to be served CONCURRENTLY with each other, and 24 MONTHS as to Count 31, which shall be served CONSECUTIVELY to the terms imposed on Counts 13-30, for a total term of 27 MONTHS.**

☒ **The Court makes the following recommendations to the Bureau of Prisons: 1)- Participate in RDAP, either Spanish or English speaking. 2)- Be allowed to be assigned to a Prison Camp. 3)- Be assigned to a prison or camp as close to his family as possible.**

☒ **The defendant is remanded to the custody of the United States Marshal.**

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at          A.M. / P.M. on

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ Before 2:00 p.m. on

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

    ☐ The defendant shall continue under the terms and conditions of his/her present bond pending surrender to the institution.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ To _____

at _____ , with a certified copy of this judgment.

                                          **UNITED STATES MARSHAL**

                          By _____

                                    Deputy U.S. Marshal

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3 - Supervised Release

Judgment-Page _4_ of _8_

DEFENDANT: **Perez , David**
CASE NUMBER: **3:17-CR-103-1-RGJ**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: __2 YEARS__ as to Counts 13-30, and 1
**YEAR as to Count 31, which shall run CONCURRENTLY, for a TOTAL TERM of 2 YEARS.**

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release
    from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future
    substance abuse.
4.  ☒ **You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a
    sentence of restitution. (check if applicable)**
5.  ☒ **You must cooperate in the collection of DNA as directed by the probation officer.**
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.)
    as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside,
    work, are a student, or were convicted of a qualifying offense.
7.  ☐ You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the
attached page.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3A - Supervised Release

Judgment-Page _5_ of _8_

DEFENDANT: **Perez , David**
CASE NUMBER: **3:17-CR-103-1-RGJ**

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3B - Supervised Release

Judgment-Page _6_ of _8_

DEFENDANT: **Perez , David**
CASE NUMBER: **3:17-CR-103-1-RGJ**

## SPECIAL CONDITIONS OF SUPERVISION

14. The defendant must participate in a substance abuse treatment program as approved by the Probation Office and follow the Rules and regulations of that program. The defendant shall contribute to the Probation Office's costs of service rendered based upon his ability to pay as reflected in his monthly cash flow as it relates to the court approved sliding fee scale.

15. The defendant must submit to testing to determine if he/she has used a prohibited substance. The defendant shall contribute to the Probation Office's costs of service rendered based upon his/her ability to pay as it relates to the court approved sliding fee scale. The defendant must not attempt to obstruct or tamper with the testing methods.

16. Should the defendant hold a fiduciary position in his/her employment, he/she shall be required to inform his/her employer of the instant conviction.

17. The defendant shall provide the U.S. Probation Officer with access to any requested financial information.

18. The defendant shall be prohibited from incurring any new credit charges or opening any additional lines of credit without approval of the probation officer unless he/she is in compliance with the payment schedule.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____          2-7-20
Defendant                                             Date

_____          2|7|20
U.S. Probation Officer/Designated Witness    Date

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 5 - Criminal Cometary Penalties

Judgment-Page _7_ of _8_

DEFENDANT: Perez , David
CASE NUMBER: 3:17-CR-103-1-RGJ

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 1,900.00 |  | $ 941,337.12 |

☒ **The fine and the costs of incarceration and supervision are waived due to the defendant's inability to pay.**

☐ The determination of restitution is deferred until             . An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ Restitution is not an issue in this case.

☒ **The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage Of Payment |
|---|---|---|---|
| UFC |  | $337,199.13 |  |
| CBL-WBP |  | $535,682.59 |  |
| Brown Forman Plan |  | $28,455.40 |  |
| TOTALS: | 0 | $941,337.12 |  |

☒ **If applicable, restitution amount ordered pursuant to plea agreement. . . . . $941,337.12**

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be Subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☒ **The court determined that the defendant does not have the ability to pay interest and it is ordered that:**

☒ **The interest requirement is waived for the     ☐ Fine and/or     ☒ Restitution**

☐ The interest requirement for the     ☐ Fine and/or     ☐ Restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 6 - Schedule of Payments

DEFENDANT: **Perez , David**
CASE NUMBER: **3:17-CR-103-1-RGJ**

Judgment-Page _8_ of _8_

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $          Due immediately, balance due

     ☐ not later than          , or

     ☐ in accordance with C, D, or E below); or

B ☒ **Payment to begin immediately (may be combined with C, D, or E below); or**

C ☐ Payment in     (E.g. equal, weekly, monthly, quarterly) installments of $
     Over a period of     (E.g. months or years) year(s) to commence     (E.g., 30 or 60 days)
     after          The date of this judgment, or

D ☐ Payment in     (E.g. equal, weekly, monthly, quarterly) installments of $
     Over a period of     (E.g. months or years) year(s) to commence     (E.g., 30 or 60 days)
     after          Release from imprisonment to a term of supervision; or

E ☒ **Special instructions regarding the payment of criminal monetary penalties:**

     **Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.**

     **Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court. Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ **Joint and Several with the other co-defendant in this case**

     Defendant and Co-Defendant Names and Case Numbers *including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 3:17-cr-00103-TBR *SEALED* Document 10 Filed 08/01/17 Page 1 of 1 PageID #: 27

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

*IN-3197-Goodman*

| United States of America | | |
|---|---|---|
| v. | ) | Case No.  3:17-cr-00103-TBR |
| David Perez | ) | |
| Miami, FL | ) | |
| | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   David Perez                                                      ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Title 18 U.S.C. §§ 2; 669; 1347; 1028a;

Aiding and Abetting; Theft from a Health Care Benefit Program;
Health Care Fraud; Aggravated Identity Theft.

Date:     08/01/2017

*Issuing officer's signature*

City and state:     Louisville, KY

Vanessa L. Armstrong, Clerk, /s/ DAK, Deputy Clerk
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____              _____
*Arresting officer's signature*

_____
*Printed name and title* |

Case 1:21-mj-20008-JG Document 1 Entered on FLSD Docket 01/27/2021 Page 11 of 89
Case 1:17-mj-03197-JG Document 1 Entered on FLSD Docket 08/20/2017 Page 2 of 11
Case 3:17-cr-00103-TBR SEALED* Document 1 Filed 08/01/... Page 1 of 10 PageID #: 1

# SEALED

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**FILED**
VANESSA L. ARMSTRONG, CLERK

AUG 0 1 2017

**U.S. DISTRICT COURT**
**WEST'N. DIST. KENTUCKY**

UNITED STATES OF AMERICA

v.

**DAVID PEREZ**
**OSMARO RUIZ**

<u>INDICTMENT</u>

NO. 317-cr-103-TBR

18 U.S.C. § 2
18 U.S.C. § 669
18 U.S.C. § 982
18 U.S.C. § 1028
18 U.S.C. § 1028A
18 U.S.C. § 1347
21 U.S.C. § 853

The Grand Jury charges:

<u>COUNTS 1-6</u>
(Theft from a Health Care Benefit Program)

On or about and between October 16, 2013, and January 3, 2014, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **DAVID PEREZ** and **OSMARO RUIZ**, aided and abetted by each other and others, knowingly and willfully embezzled, stole and, without lawful authority, converted to their own use and the use of others money, property and assets of a health care benefit program, to wit: on the dates listed below and on other occasions, **PEREZ** and **RUIZ**, through Wellness Medical and Rehabilitation Center, Inc. (Wellness), a business operating at 4229 Bardstown Road in Louisville, Kentucky, billed Humana Insurance Company (Humana) for injections which were never administered to a patient. Humana subsequently billed United Food and Commercial Workers Union Local 227 and Employers Health and Welfare Plan (UFC 227) for these false charges, and UFC 227 paid for a portion of these false charges. UFC 227 is a health care benefit program.

| COUNT | PATIENT | DATE OF SERVICE | CLAIM RECEIVED | AMOUNT BILLED/PAID |
|-------|---------|-----------------|----------------|--------------------|
| 1 | G.R.S. | November 11, 2013 | January 3, 2014 | $2,550/$1,912.50 |
| 2 | G.R.S. | December 9, 2013 | January 3, 2014 | $4,200/$3,150 |
| 3 | G.R.S | December 26, 2013 | December 27, 2013 | $1,000/$750 |
| 4 | A.P.D. | October 16, 2013 | December 20, 2013 | $3,400/$1,275 |
| 5 | A.P.D. | November 18, 2013 | December 20, 2013 | $3,400/$1,275 |
| 6 | A.P.D | December 10, 2013 | December 20, 2013 | $5,250/$1,256.25 |

In violation of Title 18, United States Code, Sections 2 and 669.


The Grand Jury further charges:

<u>COUNTS 7-12</u>
(Health Care Fraud)

On or about and between October 16, 2013, and January 3, 2014, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **DAVID PEREZ** and **OSMARO RUIZ**, aided and abetted by each other and others, knowingly and willfully executed and attempted to execute a scheme to obtain money owned by Humana Insurance Company (Humana) and United Food and Commercial Workers Union Local 227 and Employers Health and Welfare Plan (UFC 227), both health care benefit programs, by means of false and fraudulent representations and promises in connection with the delivery of and payment for health care benefits, items, and services, to wit: on the dates listed below and on other occasions, **PEREZ** and **RUIZ**, through Wellness Medical and Rehabilitation Center, Inc. (Wellness), a business operating at 4229 Bardstown Road in Louisville, Kentucky, billed Humana for injections that were never administered to a patient. Humana subsequently billed UFC 227 for these false charges.

2

| COUNT | PATIENT | DATE OF SERVICE | CLAIM RECEIVED | AMOUNT BILLED/PAID |
|-------|---------|-----------------|----------------|--------------------|
| 7 | G.R.S. | November 11, 2013 | January 3, 2014 | $2,550/$1,912.50 |
| 8 | G.R.S. | December 9, 2013 | January 3, 2014 | $4,200/$3,150 |
| 9 | G.R.S | December 26, 2013 | December 27, 2013 | $1,000/$750 |
| 10 | A.P.D. | October 16, 2013 | December 20, 2013 | $3,400/$1,275 |
| 11 | A.P.D. | November 18, 2013 | December 20, 2013 | $3,400/$1,275 |
| 12 | A.P.D | December 10, 2013 | December 20, 2013 | $5,250/$1,256.25 |

In violation of Title 18, United States Code, Sections 2 and 1347.


The Grand Jury further charges:

COUNTS 13-15

(Theft from a Health Care Benefit Program)

On or about and between October 14, 2013, and December 11, 2013, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **DAVID PEREZ** and **OSMARO RUIZ**, aided and abetted by each other and others, knowingly and willfully embezzled, stole, and without lawful authority converted to their own use and the use of others money, property, and assets of a health care benefit program, to wit: on the dates listed below and on other occasions, **PEREZ** and **RUIZ**, through Healthy Life Center, Inc., a business operating at 4229 Bardstown Road in Louisville, Kentucky, billed Humana Insurance Company (Humana) for injections that were never administered to a patient. Humana subsequently billed United Food and Commercial Workers Union Local 227 and Employers Health and Welfare Plan (UFC 227) for these false charges, and UFC 227 paid for a portion of these false charges. UFC 227 is a health care benefit program.

| COUNT | PATIENT | DATE OF SERVICE | CLAIM RECEIVED | AMOUNT BILLED/PAID |
|-------|---------|-----------------|----------------|--------------------|
| 13 | L.M.M | October 14, 2013 | December 11, 2013 | $5,250/$3,937.50 |
| 14 | L.M.M. | November 1, 2013 | December 11, 2013 | $1,000/$375 |
| 15 | L.M.M. | November 6, 2013 | December 11, 2013 | $5,250/$3,937.50 |

In violation of Title 18, United States Code, Sections 2 and 669.

The Grand Jury further charges:

<u>COUNTS 16-18</u>
(Health Care Fraud)

On or about and between October 14, 2013, and December 11, 2013, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **DAVID PEREZ** and **OSMARO RUIZ**, aided and abetted by each other and others, knowingly and willfully executed and attempted to execute a scheme to obtain money owned by Humana Insurance Company (Humana) and United Food and Commercial Workers Union Local 227 and Employers Health and Welfare Plan (UFC 227), both health care benefit programs, by means of false and fraudulent representations and promises in connection with the delivery of and payment for health care benefits, items and services, to wit:   on the dates listed below and on other occasions, **PEREZ** and **RUIZ**, through Healthy Life Center, Inc., a business operating at 4229 Bardstown Road in Louisville, Kentucky, billed Humana for injections that were never administered to a patient. Humana subsequently billed UFC 227 for these false charges.

| COUNT | PATIENT | DATE OF SERVICE | CLAIM RECEIVED | AMOUNT BILLED/PAID |
|-------|---------|-----------------|----------------|--------------------|
| 16 | L.M.M | October 14, 2013 | December 11, 2013 | $5,250/$3,937.50 |
| 17 | L.M.M. | November 1, 2013 | December 11, 2013 | $1,000/$375 |

4

| 18 | L.M.M. | November 6, 2013 | December 11, 2013 | $5,250/$3,937.50 |

In violation of Title 18, United States Code, Sections 2 and 1347.

The Grand Jury charges:

<u>COUNTS 19-24</u>
(Theft from a Health Care Benefit Program)

On or about and between January 14, 2014, and April 29, 2014, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **DAVID PEREZ** and **OSMARO RUIZ**, aided and abetted by each other and others, knowingly and willfully embezzled, stole, and without lawful authority converted to their own use and the use of others money, property, and assets of a health care benefit program, to wit: on the dates listed below and on other occasions, **PEREZ** and **RUIZ**, through Healthy Life Center, Inc., a business operating at 4229 Bardstown Road in Louisville, Kentucky, billed United Healthcare (UHC) for injections that were never administered to a patient. UHC subsequently billed Commercial Barge Line Company Welfare Benefit Plan (CBL-WBP) for these false charges and CBL-WBP paid for a portion of these false charges. CBL-WBP is a health care benefit program.

| COUNT | PATIENT | DATE OF SERVICE | CLAIM RECEIVED | AMOUNT BILLED/PAID |
|---|---|---|---|---|
| 19 | Y.V. | January 14, 2014 | April 1, 2014 | $1,000/$620 |
| 20 | Y.V. | February 19, 2014 | April 1, 2014 | $5,100/$2,213.40 |
| 21 | Y.V. | March 11, 2014 | April 1, 2014 | $2,792.40/$2,792.40 |
| 22 | R.D. | February 5, 2014 | April 14, 2014 | $5,100/$439.32 |
| 23 | R.D. | March 18, 2014 | April 29, 2014 | $1,000/$499.80 |
| 24 | R.D. | April 21, 2014 | April 29, 2014 | $2,625/$1,405.25 |

In violation of Title 18, United States Code, Sections 2 and 669.

The Grand Jury further charges:

### COUNTS 25-30
### (Health Care Fraud)

On or about and between January 14, 2014, and April 29, 2014, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **DAVID PEREZ** and **OSMARO RUIZ**, aided and abetted by each other and others, knowingly and willfully executed and attempted to execute a scheme to obtain money owned by United Healthcare (UHC) and Commercial Barge Line Company Welfare Benefit Plan (CBL-WBP), both health care benefit programs, by means of false and fraudulent representations and promises in connection with the delivery of and payment for health care benefits, items and services, to wit: on the dates listed below and on other occasions, **PEREZ** and **RUIZ**, through Healthy Life Center, Inc., a business operating at 4229 Bardstown Road in Louisville, Kentucky, billed UHC for injections that were never administered to a patient. UHC subsequently billed CBL-WBP for these false charges.

| COUNT | PATIENT | DATE OF SERVICE | CLAIM RECEIVED | AMOUNT BILLED/PAID |
|-------|---------|-----------------|----------------|--------------------|
| 25 | Y.V. | January 14, 2014 | April 1, 2014 | $1,000/$620 |
| 26 | Y.V. | February 19, 2014 | April 1, 2014 | $5,100/$2,213.40 |
| 27 | Y.V. | March 11, 2014 | April 1, 2014 | $2,792.40/$2,792.40 |
| 28 | R.D. | February 5, 2014 | April 14, 2014 | $5,100/$439.32 |
| 29 | R.D. | March 18, 2014 | April 29, 2014 | $1,000/$499.80 |
| 30 | R.D. | April 21, 2014 | April 29, 2014 | $2,625/$1,405.25 |

In violation of Title 18, United States Code, Sections 2 and 1347.

The Grand Jury further charges:

## COUNTS 31-33
### (Aggravated Identity Theft)

On or about April 1, 2014, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **DAVID PEREZ** and **OSMARO RUIZ**, aided and abetted by each other and others, knowingly transferred, possessed, and used, without lawful authority a means of identification of another person, during and in relation to health care fraud, as charged in Counts 25-27 of this Indictment, to wit: **PEREZ** and **RUIZ** used Dr. I.V.M.'s name and provider number on billing statements to United Healthcare, alleging that Dr. I.V.M. administered injections to patient Y.V. that were never administered by Dr. I.V.M.

In violation of Title 18, United States Code, Sections 2 and 1028A.

## NOTICE OF FORFEITURE

As a result of committing violations of Title 18, United States Code, Sections 669, 1028A, and 1347, as alleged in this Indictment, the defendants, **DAVID PEREZ** and **OSMARO RUIZ**, shall forfeit to the United States, any and all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds obtained as a result of these offenses.

Pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and (a)(7), and 1028, and Title 21, United States Code, Section 853.

A TRUE BILL

JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

JEK:DW:lb:08012017

7

UNITED STATES OF AMERICA v. **DAVID PEREZ** and **OSMARO RUIZ**

### P E N A L T I E S

| | |
|---|---|
| Counts 1-30: | NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release (each count) |
| Counts 31-33: | NL 2 yrs./$250,000/both/NM 1 yr. Supervised Release (consecutive to counts 1-30) (each count) |
| Forfeiture | |

### N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

**SPECIAL ASSESSMENTS**

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

**FINES**

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

**RESTITUTION**

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

**APPEAL**

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

  1.  That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

  2.  Give bond for payment thereof.

  18 U.S.C. § 3572(g)

**PAYMENTS**

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

    LOUISVILLE:    Clerk, U.S. District Court
                   106 Gene Snyder U.S. Courthouse
                   601 West Broadway
                   Louisville, KY 40202
                   502/625-3500

    BOWLING GREEN:   Clerk, U.S. District Court
                   120 Federal Building
                   241 East Main Street
                   Bowling Green, KY 42101
                   270/393-2500

    OWENSBORO:    Clerk, U.S. District Court
                   126 Federal Building
                   423 Frederica
                   Owensboro, KY 42301
                   270/689-4400

    PADUCAH:     Clerk, U.S. District Court
                   127 Federal Building
                   501 Broadway
                   Paducah, KY 42001
                   270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

Case 1:21-mj-20093-GD Document 1 Entered on FLSD Docket 01/27/2021 Page 20 of 39
Case 1:17-mj-03197-JG Document 1 Entered on FLSD Docket 08/28/2017 Page 10 of 11
Case 3:17-cr-00103-TBR *SEALED* Document 1 Filed 08/01/1. Page 10 of 10 PageID #: 10

FORM DBD-34
JUN.85

No.

# UNITED STATES DISTRICT COURT

### Western District of Kentucky
### Louisville Division

## THE UNITED STATES OF AMERICA

vs.

### DAVID PEREZ

### OSMARO RUIZ

## INDICTMENT

**Title 18 U.S.C. §§ 2; 669; 1347; 1028a:**
**Aiding and Abetting; Theft from a Health Care**
**Benefit Program; Health Care Fraud;**
**Aggravated Identity Theft.**

*A tru*

*Foreman*

*Filed in open court this 1ˢᵗ day, of August, 2017.*

*Clerk*

*Bail, $*

**FILED**
VANESSA L. ARMSTRONG, CLERK

AUG 0 1 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**FILED**

VANESSA L. ARMSTRONG, CLERK

AUG 16 2018

U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

v.                                    **CRIMINAL NO. 3:17-CR-103-RGJ**

**DAVID PEREZ**                                    **DEFENDANT**

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America, by Russell M. Coleman, United States Attorney for the Western District of

Kentucky, and defendant, David Perez, and his attorney, Anthony Rubino, have agreed upon the

following:

1.     Defendant acknowledges that he has been charged in the Indictment in this case

with violations of Title 18, United States Code, Sections 2, 669, 1347 and 1028A.

2.     Defendant has read the charges against him contained in the Indictment, and those

charges have been fully explained to him by his attorney. Defendant fully understands the nature

and elements of the crimes with which he has been charged.

3.     Defendant will enter a voluntary plea of guilty to Counts 13-31 in this case.

Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the

following factual basis for this plea:

All events occurred in Jefferson County in the Western District of Kentucky. Humana

Insurance Company (Humana), United Food and Commercial Workers Union Local 227 (UFC

227), United Healthcare (UHC), and Commercial Barge Line Company Welfare Benefit Plan

(CBL-WBP) are health care benefit programs.

David Perez and his co-defendant established Healthy Life Center, Inc. (Healthy Life), in Louisville, Kentucky.   Between October 14, 2013, and December 11, 2013, including on the dates specified in Counts 13-18 of the Indictment, Perez and his co-defendant knowingly made false and fraudulent representations to execute a scheme to obtain money, and knowingly stole money and converted that money to their own use, which was owned by Humana and UFC 227. Specifically, Healthy Life billed Humana for injections that were never actually administered to patients.  Humana subsequently billed UFC 227 for those false charges, and UFC 227 paid a portion of these false charges.

Between January 14, 2014, and April 29, 2014, including on the dates specified in Counts 19-30 of the Indictment, Perez and his co-defendant knowingly made false and fraudulent representations to execute a scheme to obtain money, and knowingly stole money and converted that money to their own use, which was owned by UHC and CBL-WBP.   Specifically, Healthy Life billed UHC for injections that were never actually administered to patients.  UHC subsequently billed CBL-WBP for those false charges, and CBL-WBP paid a portion of these false charges.

On or about April 1, 2014, Perez, aided and abetted by his co-defendant and others, knowingly transferred, possessed and used, without lawful authority, a means of identification of another person during and in relation to the health care fraud charged in Count 25 of this Indictment by using Dr. I.V.M.'s name and provider number on billing statements to UHC, alleging that Dr. I.V.M. administered injections to a patient (Y.V.) that were never actually administered.

Perez acknowledges that the loss in this case is $941,337.12.

2

4.      Defendant understands that the charges to which he will plead guilty carry a

minimum term of imprisonment of 2 years, a combined maximum term of imprisonment of 182

years, a combined maximum fine of $4,750,000, and a 3 year term of supervised release.

Defendant understands that an additional term of imprisonment may be ordered if the terms of

the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.      Defendant recognizes that pleading guilty may have consequences with respect to

his immigration status if he is not a citizen of the United States. Under federal law, a broad range

of crimes are removable offenses, which may include the offense to which Defendant is pleading

guilty.  Because removal and other immigration consequences are handled in separate

proceedings, Defendant understands that no one, including his attorney or the U.S. District

Court, can predict with certainty how his conviction may affect his immigration status.

Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to

adverse immigration consequences, including possible automatic removal from the United

States.

6.      Defendant understands that if a term of imprisonment of more than one year is

imposed, the Sentencing Guidelines require a term of supervised release and that he will then be

subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set

forth below.  Defendant's attorney has explained those rights to him and the consequences of his

waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charges against

him, he has the right to a public and speedy trial.  The trial could either be a jury

trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury

would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.      Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. The parties agree and stipulate that Defendant shall pay restitution in the amount of $941,337.12. The

4

parties agree that the restitution shall be ordered due and payable on the date of sentencing.

Defendant agrees that any payment schedule imposed by the Court is without prejudice to the

United States to take all actions available to it to collect the full amount of the restitution at any

time. Restitution payments shall be made payable to the U.S. District Court Clerk at Gene

Snyder Courthouse, 601 W. Broadway, Louisville, KY 40202. The restitution shall be paid to or

on behalf of the following victims:

| Victim | Amount |
|---|---|
| UFC 227 | $377,199.13 |
| CBL-WBP | $535,682.59 |
| Brown Forman Plan | $28,455.40 |

Defendant agrees that not later than 45 days from entry of the Plea Agreement, Defendant

shall provide to the United States, under penalty of perjury, a financial disclosure form listing all

Defendant's assets/financial interests. Defendant authorizes the United States to run credit

bureau reports prior to sentencing, and Defendant will sign releases authorizing the United States

to obtain Defendant's financial records. Defendant understands that these assets and financial

interests include all assets and financial interests in which Defendant has an interest, direct or

indirect, whether held in Defendant's own name or in the name of another, in any property, real

or personal. Defendant shall also identify all assets valued at more than $5,000 which have been

transferred to third parties since the date of the first offense, including the location of the assets

and the identity of the third party(ies). Defendant agrees that the United States may share the

contents of the reports and financial disclosures with the Court and U.S. Probation.

Defendant agrees to submit to a deposition in aid of collection at times and places that the

United States directs. If the Defendant has a financial advisor or accountant, Defendant agrees,

at his expense, to make them available to aid the United States in determining Defendant's net worth. Defendant authorizes the United States to file notice of Lis Pendens prior to judgment on any real property Defendant owns either individually or jointly. Defendant agrees to his name and debt being added to the Treasury Offset Program.

Upon execution of the Plea Agreement, Defendant agrees not to transfer, sell, or secrete any of Defendant's property, real or personal, held jointly, individually or by nominee/third party, valued at $5,000 or more without first advising the United States not less than 10 days before the proposed sale or transfer. Defendant agrees that failure to comply with any of the provisions of this Agreement constitutes a material breach of the Plea Agreement and Defendant agrees that the United States is relieved of its obligations under this Agreement and/or may not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). However, the Defendant may not withdraw his guilty plea because of his breach.

10.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $1,800 to the United States District Court Clerk's Office by the date of sentencing.

11.     At the time of sentencing, the United States will

-move for dismissal of Counts 1-12, 32 and 33 of the Indictment.

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law. The defendant reserves the right to request a non-Guideline sentence.

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in

6

future conduct which violates any federal or state law, violates a
condition of bond, constitutes obstruction of justice, or otherwise
demonstrates a lack of acceptance of responsibility. Should such
conduct occur and the United States, therefore, opposes the
reduction for acceptance, this plea agreement remains binding and
the defendant will not be allowed to withdraw his plea.

-stipulate that the amount of loss involved in this case is
$941,337.12.

12.     Both parties have independently reviewed the Sentencing Guidelines applicable in

this case, and in their best judgment and belief, conclude as follows:

A.      The Applicable Offense Level should be determined as follows:

| | | |
|---|---|---|
| 2B1.1(a)(2)(base offense level) | | 6 |
| 2B1.1(b)(1)(I) (loss over $550,000) | + | 14 |
| 3B1.2(b) (minor participant) | - | 2 |
| 3E1.1(a) & (b) (acceptance of responsibility) | - | 3 |

**ESTIMATED FINAL OFFENSE LEVEL           15**

B.      The Criminal History of defendant shall be determined upon

completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c).

Both parties reserve the right to object to the USSG §4A1.1 calculation of

defendant's criminal history. The parties agree to not seek a departure from the

Criminal History Category pursuant to §4A1.3.

C.      The foregoing statements of applicability of sections of the

Sentencing Guidelines and the statement of facts are not binding upon the Court.

The defendant understands the Court will independently calculate the Guidelines

at sentencing and defendant may not withdraw the plea of guilty solely because

the Court does not agree with either the statement of facts or Sentencing

Guideline application.

13.     Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.  Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

14.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

15.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the

Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.  Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

17.    Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

18.    It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States's recommendations are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

19.    Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.  Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence.  If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement.  Defendant agrees that the remedy for this breach is that the United

States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

20.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____          _____
David Weiser                                                            Date
Assistant United States Attorney


        I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.


_____          _____
David Perez                                                              Date
Defendant


10

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____                         6-16-18
Anthony Rubino                                          _____
Counsel for Defendant                                   Date


RMC:DW:lb:07272018

**U N I T E D  S T A T E S  D I S T R I C T  C O U R T**
**SOUTHERN DISTRICT OF FLORIDA**
**PROBATION OFFICE**

**Connie Irimia**                                        **REPLY TO:**
Acting Chief U.S. Probation Officer                **Southern Centre**
Wilkie D. Ferguson, Jr. U.S. Courthouse       12900 SW 128TH St., Ste. 200
400 North Miami Ave., Ninth Floor South        Miami Florida 33186
Miami, Florida 33128                                   (305) 259-1300


                                   January 15, 2021


Kathryn Jarvis, Chief
United States Probation Officer
United State Probation Office
Gene Snyder U.S. Courthouse
601 West Broadway Room 400
Louisville KY 40202-2238


Attention:  Desiree Vidah Akuchie
                  United States Probation Officer


                          RE:   **PEREZ, David**
                                   **DOCKET NO. 3:17CR00103-JENNINGS**
                                   **SD/FL PACTS NO. 3958753**
                                   **TRANSFER OF JURISDICTION**

Dear Ms. Akuchie:

    Enclosed please find the original Prob 22 Form 22, Transfer of Jurisdiction, signed in Part Two on January 14, 2021, by The Honorable Kathleen M. Williams, United Sates District Judge, Southern District of Florida.

    Please file this document with the Clerk of Court for the Western District of Kentucky, Louisville Division.  Please ensure all restitution payment records are also transferred to the Clerk of Court for the Southern District of Florida.

    Should you have any questions or concerns, please contact this officer at (305) 259-1312.


                                   Sincerely,


                                   Charisse Garcia
                                   United States Probation Officer

CG/dlh
Enclosure(s) as noted


Reviewed and Approved by:   _____
                                   Newsetti McInnis, Supervisory
                                   United States Probation Officer
                                   (305) 259-1321

CASREF,CLOSED

# U.S. District Court
## Western District of Kentucky (Louisville)
## CRIMINAL DOCKET FOR CASE #: 3:17-cr-00103-RGJ-CHL-1

Case title: USA v. Perez et al

Date Filed: 08/01/2017
Date Terminated: 11/20/2018

---

Assigned to: Judge Rebecca Grady Jennings
Referred to: Magistrate Judge Colin H. Lindsay

**Defendant (1)**

| | | |
|---|---|---|
| **David Perez**<br>*TERMINATED: 11/20/2018* | represented by | **F. Anthony Rubino , III**<br>Law Offices of Anthony Rubino, Esq., P.A.<br>3915 Utopia Court<br>Coconut Grove, FL 33133<br>305-812-8855<br>Fax: 305-476-8855<br>Email: anthony@rubinolaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2 and 669 - PRINCIPALS (13-15) | Counts: 13-30. IMPRISONMENT: 3 months concurrent with one another for a total of 27 months. SUPERVISED RELEASE: 2 years. RESTITUTION: 941,337.12. SPA FEE: $1,900. |
| 18:2 and 1347 - PRINCIPALS (16-18) | Counts: 13-30. IMPRISONMENT: 3 months concurrent with one another for a total of 27 months. SUPERVISED RELEASE: 2 years. RESTITUTION: 941,337.12. SPA FEE: $1,900. |
| 18:2 and 669 - PRINCIPALS (19-24) | Counts: 13-30. IMPRISONMENT: 3 months concurrent with one another for a total of 27 months. SUPERVISED RELEASE: 2 years. RESTITUTION: 941,337.12. SPA FEE: $1,900. |
| 18:2 and 1347 - PRINCIPALS (25-30) | Counts: 13-30. IMPRISONMENT: 3 months concurrent with one another for a |

| | total of 27 months. SUPERVISED RELEASE: 2 years. RESTITUTION: 941,337.12. SPA FEE: $1,900. |
|---|---|
| 18:2 and 1028A - PRINCIPALS (31) | Count:31. IMPRISONMENT: 24 months consecutive with Counts 13-30 for a total of 27 months. SUPERVISED RELEASE: 1 year for a total of 2 years. RESTITUTION: 941,337.12. SPA FEE: $1,900. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:2 and 669 - PRINCIPALS (1-6) | Dismissed |
| 18:2 and 1347 - PRINCIPALS (7-12) | Dismissed |
| 18:2 and 1028A - PRINCIPALS (32-33) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| **USA** | represented by | **David R. Weiser** |
|---|---|---|
| | | U.S. Attorney Office - Louisville |
| | | 717 W. Broadway |
| | | Louisville, KY 40202 |
| | | 502-625-7068 |
| | | Fax: 502-582-5097 |
| | | Email: david.weiser@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/01/2017 | 1 | INDICTMENT as to Seal 1 (1) count(s) 1-6, 7-12, 13-15, 16-18, 19-24, 25-30, 31-33, Seal 2 (2) count(s) 1-6, 7-12, 13-15, 16-18, 19-24, 25-30, 31-33. (DAK) (Entered: 08/01/2017) |

| 08/01/2017 | 2 | Case Assignment (Random Selection): Case Assigned to Judge David J. Hale. Magistrate Judge Dave Whalin. (DAK) (Entered: 08/01/2017) |
|---|---|---|
| 08/01/2017 | 3 | TEXT ORDER by Judge David J. Hale on 8/1/2017; IT IS ORDERED that Judge David J. Hale RECUSES from this matter and the action is REASSIGNED to the docket of Senior Judge Thomas B. Russell for all further proceedings. Counsel are requested to change the criminal action number to reflect the initials TBR on all future pleadings.<br><br>This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached.<br><br>cc:counsel, Judge Russell (MLG) (Entered: 08/01/2017) |
| 08/01/2017 | 4 | Case Re-Assignment (Random Selection): Case Re-Assigned to Senior Judge Thomas B. Russell. (MLG) (Entered: 08/01/2017) |
| 08/01/2017 | 5 | NOTICE OF ATTORNEY APPEARANCE David R. Weiser appearing for USA. (DAK) (Entered: 08/01/2017) |
| 08/01/2017 | 7 | UNREDACTED DOCUMENT re 1 Indictment (DAK) (Entered: 08/01/2017) |
| 08/01/2017 | 8 | MOTION to Seal Case by USA. (DAK) (Entered: 08/01/2017) |
| 08/01/2017 | 9 | ORDER by Magistrate Judge Colin H. Lindsay on 8/1/2017 granting 8 Motion to Seal Case (DAK) (Entered: 08/01/2017) |
| 08/01/2017 | 10 | Sealed Document (DAK) (Entered: 08/01/2017) |
| 08/25/2017 | | Arrest of Seal 1 in SD/FL (Miami). (KJA) (Entered: 08/31/2017) |
| 08/25/2017 | | PSB Bond Entered as to David Perez in amount of $ 50,000, (KJA) (Entered: 08/31/2017) |
| 08/30/2017 | 12 | Rule 5/40 Documents Received from SD/FL (Miami), Case Number 1:17MJ-3197-JG-1 as to David Perez (KJA) (Entered: 08/31/2017) |
| 08/31/2017 | | Case unsealed as to Seal 1, Seal 2 (KJA) (Entered: 08/31/2017) |
| 09/07/2017 | 13 | TEXT ORDER by Magistrate Judge Colin H. Lindsay on 9/7/2017 as to David Perez. Initial Appearance and Arraignment set for 9/20/2017 01:30 PM in Louisville Courtroom before Magistrate Judge Colin H. Lindsay.<br><br>This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached.<br><br>cc: USA, USP, Anthony Rubino, counsel for defendant (TLB) (Entered: 09/07/2017) |
| 09/20/2017 | 14 | MOTION for F. Anthony Rubino, III to Appear Pro Hac Vice Filing fee $ 125. by David Perez. (Attachments: # 1 Certificate of Good Standing) (KJA) (Entered: 09/20/2017) |
| 09/20/2017 | 15 | TEXT ORDER Signed by Senior Judge Thomas B. Russell on 9/20/2017 granting 14 Motion to Appear Pro Hac Vice, attorney F. Anthony Rubino, III as to David Perez (1)<br><br>This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached. |

| | | |
|---|---|---|
| | | cc: Counsel(KJA) (Entered: 09/20/2017) |
| 09/20/2017 | 16 | Acknowledgment of Right to Appointment of Counsel by David Perez. (KJA) (Entered: 09/21/2017) |
| 09/20/2017 | 17 | NOTICE OF ATTORNEY APPEARANCE: F. Anthony Rubino, III appearing for David Perez (KJA) (Entered: 09/21/2017) |
| 09/20/2017 | | Proceedings held before Magistrate Judge Colin H. Lindsay:Arraignment as to David Perez (1) Count 1-6,7-12,13-15,16-18,19-24,25-30,31-33 held on 9/20/2017, Initial Appearance as to David Perez held on 9/20/2017 (Tape #Digitally Recorded.) (KJA) (Entered: 09/21/2017) |
| 09/21/2017 | 18 | ORDER by Magistrate Judge Colin H. Lindsay on 9/21/2017; as to David Perez; Telephonic Further Proceeding set for 10/31/2017 at 10:15 AM EST before Senior Judge Thomas B. Russell. cc:counsel (KJA) (Entered: 09/21/2017) |
| 10/17/2017 | 19 | Unopposed MOTION for a Protective Order by USA as to David Perez. (Attachments: # 1 Proposed Order) (Weiser, David) (Entered: 10/17/2017) |
| 10/19/2017 | 20 | ORDER Signed by Senior Judge Thomas B. Russell on 10/19/2017 granting 19 Motion for agreed protective order as to David Perez (1) cc: Counsel(KJA) (Entered: 10/19/2017) |
| 11/07/2017 | 21 | Order for proceedings held before Senior Judge Thomas B. Russell: Telephonic Further Hearing as to David Perez held on 10/31/2017, Telephonic Further Proceeding set for 1/12/2018 at 10:30 AM before Senior Judge Thomas B. Russell. (Court Reporter Terri Turner.) cc:counsel (KJA) (Entered: 11/07/2017) |
| 01/11/2018 | 22 | ORDER by Senior Judge Thomas B. Russell on 1/11/2018; as to David Perez Telephonic Further Proceeding set for 1/25/2018 at 10:15 AM before Senior Judge Thomas B. Russell. cc:counsel (KJA) (Entered: 01/11/2018) |
| 01/29/2018 | 23 | Order for proceedings held before Senior Judge Thomas B. Russell: Telephonic Further Proceedings Hearing as to David Perez held on 1/25/2018, Telephonic Further Proceeding set for 3/9/2018 at 12:30 PM before Senior Judge Thomas B. Russell. (Court Reporter Terri Turner.) cc:counsel (KJA) (Entered: 01/29/2018) |
| 03/15/2018 | 24 | Order for proceedings held before Senior Judge Thomas B. Russell: Telephonic Further Proceedings Hearing as to David Perez held on 3/9/2018, Telephonic Further Proceeding set for 4/19/2018 at 11:30 AM before Senior Judge Thomas B. Russell. (Court Reporter Terri Turner.) cc:counsel (KJA) (Entered: 03/15/2018) |
| 04/18/2018 | 25 | ORDER by Senior Judge Thomas B. Russell on 4/18/2018 as to David Perez: Due to the Court's schedule, the telephonic further proceedings set on 4/19/2018 is CANCELLED and is reset for 5/1/2018 at 10:15 AM before Senior Judge Thomas B. Russell. cc: counsel (JM) (Entered: 04/18/2018) |
| 04/25/2018 | 26 | TEXT ORDER by Chief Judge Joseph H. McKinley, Jr., Pursuant to GO 2018-03, Case reassigned to Judge Rebecca G. Jennings for all further proceedings. Senior Judge Thomas B. Russell no longer assigned to case. cc:counsel (MLG) (Entered: 04/25/2018) |
| 04/30/2018 | 27 | ORDER by Judge Rebecca G. Jennings (EBOC) on 4/27/2018 as to David Perez. Telephonic Status Conference set for 6/6/2018 at 11:00 AM before Judge Rebecca G. Jennings. cc: Counsel (MEJ) (Entered: 04/30/2018) |

| 06/08/2018 | 28 | MEMORANDUM OF CONFERENCE AND ORDER for proceedings held before Judge Rebecca Grady Jennings. Status Conference as to David Perez held on 6/6/2018. Telephonic Status Conference set for 6/27/2018 at 11:00 AM before Judge Rebecca Grady Jennings. The Court will initiate the call. The period of delay from 6/6/2018 to 6/27/2018 is excludable in computing the time within which the trial must commence under the Speedy Trial Act. cc: Counsel (MEJ) (Entered: 06/08/2018) |
|---|---|---|
| 06/28/2018 | 29 | MEMORANDUM OF CONFERENCE AND ORDER for proceedings held before Judge Rebecca Grady Jennings. Telephonic Status Conference as to David Perez held on 6/27/2018. Change of Plea Hearing set for 8/16/2018 at 2:30 PM in Louisville Courtroom before Judge Rebecca Grady Jennings. The period of delay from June 27, 2018 to 8/16/2018 is excludable in computing the time within which the trial must commence under the Speedy Trial Act. (Court Reporter: April Dowell.) cc: Counsel (MEJ) (Entered: 06/28/2018) |
| 08/10/2018 | 30 | TEXT ORDER by Judge Rebecca Grady Jennings on 8/10/2018; as to David Perez re 29 Status Conference, due to the Court's trial schedule, this matter is REFERRED to Magistrate Judge Colin H. Lindsay for a change of plea hearing pursuant to 28 USC 636(b)(1)(A), (Change of Plea Hearing set for 8/16/2018 at 02:30 PM in Louisville Courtroom before Magistrate Judge Colin H. Lindsay.)<br><br>*This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached.*<br></p cc:counsel, USP, CM-CHL. (ARM) Modified on 8/10/2018 (ARM). Modified on 8/10/2018 (ARM). (Entered: 08/10/2018) |
| 08/16/2018 | 31 | CONSENT to Rule 11 for Guilty Plea as to David Perez. (MEJ) (Entered: 08/17/2018) |
| 08/16/2018 | 32 | PLEA AGREEMENT as to David Perez. (MEJ) (Entered: 08/17/2018) |
| 08/16/2018 | 33 | SEALED Supplemental Plea Agreement re 32 Plea Agreement. (MEJ) (Entered: 08/20/2018) |
| 08/16/2018 | | PROCEEDINGS held before Magistrate Judge Colin H. Lindsay. Change of Plea Hearing as to David Perez held on 8/16/2018 (Court Reporter: Dena Legg.) (MEJ) (Entered: 08/21/2018) |
| 08/20/2018 | 34 | SEALED ORDER by Magistrate Judge Colin H. Lindsay on 8/20/2018. cc: USM-Email, USA, USP (MEJ) (Entered: 08/20/2018) |
| 08/20/2018 | 35 | Sealed Document (MEJ) (Entered: 08/20/2018) |
| 08/21/2018 | 36 | REPORT AND RECOMMENDATIONS by Magistrate Judge Colin H. Lindsay on 8/20/2018; as to David Perez. The undersigned recommends that the pleas of guilty be accepted, and that the defendant be adjudged guilty as to Counts 13 through 31 in the Indictment and have sentence imposed accordingly. Sentencing set for 11/15/2018 at 1:30 PM in Louisville Courtroom before Judge Rebecca Grady Jennings. Objections to R&R due by 9/4/2018. The defendant shall remain on his current bond pending further order of the Court. cc: Counsel, USA, USP (MEJ) (Entered: 08/21/2018) |
| 08/21/2018 | | Arrest of David Perez in the Southern District of Florida. (MEJ) (Entered: 08/23/2018) |
| 08/22/2018 | 37 | Rule 5 Documents Received from Southern District of Florida, Case Number 1:18-MJ-3257 as to David Perez. (MEJ) (Entered: 08/23/2018) |

| 09/13/2018 | 39 | WAIVER OF BOND REVOCATION HEARING by David Perez. (MEJ) (Entered: 09/14/2018) |
|---|---|---|
| 09/14/2018 | 38 | ORDER ON VIOLATION OF BOND PETITION for proceedings held before Magistrate Judge Colin H. Lindsay (EBOC). Bond Revocation Hearing set for 9/18/2018 at 1:00 PM in Louisville Courtroom before Magistrate Judge Colin H. Lindsay. The defendant be remanded to the custody of the United States Marshal pending further order of the Court. cc: Counsel, USP (MEJ) (Entered: 09/14/2018) |
| 09/14/2018 | 40 | ORDER ACCEPTING REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY AND NOTICE OF SENTENCING Signed by Judge Rebecca Grady Jennings on 9/14/2018. Report and Recommendations re 36 Report and Recommendations as to David Perez (1) is adopted. The Court accepts the Defendant's plea of guilty as to Counts 13-31 of the Indictment, pursuant to a Rule 11(c)(1)(B) plea agreement executed by all parties to this action. Sentencing set for 11/14/2018 at 10:00 AM in Louisville Courtroom before Judge Rebecca Grady Jennings. Defendant has recently been arrested and will be held in the custody of the United States Marshal pending further orders [DE 34, 37]. See Order for details. cc: Counsel, USP (MEJ) (Entered: 09/14/2018) |
| 09/17/2018 | 41 | ORDER by Magistrate Judge Colin H. Lindsay on 9/17/2018, as to David Perez. The Bond revocation hearing scheduled for 9/18/2018 is REMANDED from the Court's docket. The bond set on 9/21/2017 is REVOKED. Defendant is remanded to the custody of the United States Marshals Service. cc: USA, Counsel, USP (KD) (Entered: 09/17/2018) |
| 10/11/2018 | 42 | DISCLOSURE PRESENTENCE INVESTIGATION REPORT as to David Perez Counsel shall refer to the Court's website:http://www.kywd.uscourts.gov/e-filing Re:How Do I View Restricted Documents. (Attachments: # 1 Cover Sheet) (cdc) (Entered: 10/11/2018) |
| 11/01/2018 | 43 | FINAL PRESENTENCE INVESTIGATION REPORT (including addendum) as to David Perez Counsel shall refer to the Court's website:http://www.kywd.uscourts.gov/e-filing Re:How Do I View Restricted Documents. (Attachments: # 1 Addendum) (cdc) (Entered: 11/01/2018) |
| 11/09/2018 | 44 | SENTENCING MEMORANDUM for David Perez by USA. (Weiser, David) (Entered: 11/09/2018) |
| 11/14/2018 | 45 | ACKNOWLEDGMENT OF WAIVER OF APPEAL RIGHTS by David Perez (JM) (Entered: 11/15/2018) |
| 11/14/2018 | 47 | PROCEEDINGS held before Judge Rebecca Grady Jennings. Sentencing held on 11/14/2018. (Court Reporter: April Dowell.) (MEJ) (Entered: 11/16/2018) |
| 11/15/2018 | 46 | AGREED ORDER OF RESTITUTION by Judge Rebecca Grady Jennings on 11/14/2018 as to David Perez. Defendant is sentenced and ordered to pay restitution in the amount of $941,337.12. The defendant is jointly and severally liable for this debt with co-defendant Osmaro Ruiz. The Defendant is also required to pay a Special Penalty Assessment in the amount of $1,900. cc: counsel, Finance (JM) (Entered: 11/15/2018) |
| 11/20/2018 | 48 | JUDGMENT and COMMITMENT ORDER by Judge Rebecca Grady Jennings on 11/19/2018; as to David Perez (1): Count(s) 1-6, 32-33, 7-12, Dismissed. Count(s) 13-15, 16-18, 19-24, 25-30, Counts: 13-30. IMPRISONMENT: 3 months concurrent |

| | | |
|---|---|---|
| | | with one another for a total of 27 months. SUPERVISED RELEASE: 2 years. RESTITUTION: 941,337.12. SPA FEE: $1,900. Count 31: IMPRISONMENT: 24 months consecutive with Counts 13-30 for a total of 27 months. SUPERVISED RELEASE: 1 year for a total of 2 years. RESTITUTION: 941,337.12. SPA FEE: $1,900. cc: Counsel, USA Forfeiture, Finance (MEJ) (Entered: 11/20/2018) |
| 11/20/2018 | 49 | Statement of Reason(Sealed) re: 48 Judgment and Commitment. cc:USA/Applicable Counsel (MEJ) (Entered: 11/28/2018) |
| 01/12/2021 | 50 | COURT ORDERED PAYMENT PLAN signed by Judge Rebecca Grady Jennings on 1/12/2021 as to David Perez. cc: Counsel, Finance, Clerk (SMJ) (Entered: 01/12/2021) |
| 01/12/2021 | 51 | Notice to Southern District of Florida of a Transfer of Jurisdiction request as to David Perez. Jurisdiction will be transferred upon Court's acceptance. (SMJ) (Entered: 01/12/2021) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/27/2021 09:22:29 | | | |
| **PACER Login:** | janierarellano:6294994:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:17-cr-00103-RGJ-CHL |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

**PACER fee: Exempt**